IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

BEATRICE FLEMING,              )
                               )
            Plaintiff,         )
                               )
     v.                        )     No.  10 C 5138
                               )
SOCIAL SECURITY ADMINISTRATION, )
                               )
            Defendant.         )

                  MEMORANDUM OPINION AND ORDER

    Because the pro se Complaint filed by Beatrice Fleming ("Fleming") against the Social Security Administration ("SSA") appeared to suggest that she had not fully pursued her claim before that administrative agency before turning to the court system, this Court's brief August 18, 2010 memorandum order directed her to provide the documentation needed to make that determination.  Fleming has done so with a "Response To Memorandum Dated:  August 18, 2010," coupled with the SSA'S April 20, 2010 "Notice of Decision--Unfavorable" and the underlying decision by the Administrative Law Judge ("ALJ").[1]

    It is difficult to imagine a clearer explanation of Fleming's post-ALJ-decision rights than SSA has provided.  It stated more than once how and where she must appeal the ALJ's decision--and it stated at several places that she had only 60 days to take that appeal, including this instruction under the

---

    [1] Copies of all of Fleming's submissions are being made part of the court file, with the originals being returned to her together with a copy of this opinion.

boldface heading **"Time Limit To File An Appeal"** (with the underlined language here reflecting additional boldface type):

> You must file your written appeal **within 60 days** of the date you get this notice. The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period.
>
> The Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time.

But Fleming did not pursue any appeal before SSA's Appeals Council, as she had been instructed. Instead she waited nearly 120 days--and even then she filed her Complaint here in the District Court rather than as she had been directed.

Fleming's Response To Memorandum reveals her to be an articulate and lettered person. It is hard to credit her statement there:

> I am also attaching the information they gave me that states the very same thing they told me. The Administrative Judge sent me some information, but I did not understand what I was to do with it. I thought it said I did not have anymore remedies or something about the federal review. I have attached the letter with this document and hope you will allow me to get some help.

Perhaps what Fleming means is that she was confused about the ALJ's substantive decision rather than about the crystal-clear SSA directive about her appeal rights and the procedure to be followed. But if so, that will not cut it. Both her Complaint and this action must be and are dismissed for Fleming's failure to have exhausted her administrative remedies--a

2

precondition to a court lawsuit.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  August 24, 2010